UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Katie Diehm,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br><br>Messerli & Kramer P.A.,<br><br>　　　　　　Defendant. | **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S MOTIONS *IN LIMINE***<br><br>Case No.: 18-cv-830-wmc |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE*

1. **Barring defendants from testifying that they complied with Wisconsin or Minnesota rules of professional conduct, or F.R.C.P.11, or its state-court equivalent.**

   **OBJECTION**: Defendant objects to this motion prejudicial, relevance and directly in support of Defendant's defense against Plaintiff's claim. Plaintiff's claim is for a violation of 15 U.S.C section 1692e. There is no language in §1692e for attorney meaningful involvement. Therefore the standard upon which compliance of an attorney would be found within the state-specific rules of professional conduct, civil procedure and any equivalent. Additionally, there is case law that states that this is relevant. Plaintiff states that *Bock* suggests that FRCP 11 should not be considered by the Court, however the CFPB which considered *Bock* and all other case law on meaningful involvement reached a different conclusion.  The CFPB in their proposed rules set forth clear guidance on how meaningful involvement should be considered by attorneys and the Courts:

   "*18(g) Safe Harbor for Meaningful Attorney Involvement in Debt Collection Litigation Submissions*- FDCPA section 807 contains certain provisions designed to protect consumers from false, deceptive, or misleading representations made by, or means employed by, attorneys in debt collection litigation.  FDCPA section 807(3) prohibits the false representation or implication that any individual is an attorney or that any communication is from an attorney.  In addition, debt collection communications sent under an attorney's name may violate FDCPA section 807(10) if the attorney was not meaningfully involved in the preparation of the communication. (*citation omitted*). The meaningful attorney involvement case law has been applied in the specific context of debt collection litigation submissions. (*citation omitted*)

1

It may be particularly important for consumers, attorneys, and law firms engaged in such litigation to be protected by a clear articulation of what meaningful attorney involvement in debt collection litigation submissions means under FDCPA section 807, as would be implemented by proposed § 1006.18.  A clear articulation of meaningful attorney involvement also may be useful to avoid confusion and unnecessary conflicts between State standards and Federal standards under the FDCPA and any implementing regulations.

To provide clarity for law firms and attorneys submitting pleadings, written motions, or other papers to courts in debt collection litigation, proposed section § 1006.18(g) provides a safe harbor for attorneys and law firms against claims that they violated § 1006.18 due to the lack of meaningful attorney involvement in debt collection litigation materials signed by the attorney and submitted to the court, provided that they meet the requirements in proposed § 1006.18(g).  Proposed § 1006.18(g) provides that an attorney has been meaningfully involved in the preparation of debt collection litigation submissions if the attorney: (1) drafts or reviews the pleading, written motion, or other paper; and (2) personally reviews information supporting the submission and determines, to the best of the attorney's knowledge, information, and belief, that, as applicable: the claims, defenses, and other legal contentions are warranted by existing law; the factual contentions have evidentiary support; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

The factors in proposed § 1008.18(g) are similar to some of the nationally recognized standards for attorneys making submissions in civil litigation. (citation omitted). **Because most FDCPA claims are considered by Federal courts, and Federal court rules are adopted and apply nationwide, Federal Rule of Civil Procedure 11(b)(2) through (4) as currently adopted may provide an appropriate guide for judging whether a submission to the court has complied with § 1006.18(g).  Indeed, courts that have applied the meaningful attorney involvement doctrine to litigation submissions have considered that standard.** *See*, e.g., *Bock v. Pressler & Pressler,* **2017 WL 4711472 at \*7 n.5 (discussing initial decision at 30 F.Supp.3d 283, 299-302)**; *Miller v. Upton*, 687 F. Supp. 2d 86, 101 (E.D.N.Y. 2009) F.Supp.2d at 101 (analogizing to Rule 11). Accordingly, **the safe harbor in proposed § 1006.18(g) restates certain provisions of Federal Rule of Civil Procedure Rule 11(b). ==An attorney or law firm who establishes compliance with the factors set forth in proposed § 1006.18(g), including when a court in debt collection litigation determines that the debt collector has complied with a court rule that is substantially similar to the standard in § 1006.18(g), will have complied with FDCPA section 807 regarding the attorney's meaningful involvement in submissions made in debt collection litigation."== 84 Fed. Reg. 232.74 (May 21, 2019).** *Federal Register: The Daily Journal of the United States*. p.

2

464, Online < https://files.consumerfinance.gov/f/documents/cfpb_debt-collection-NPRM.pdf>

The CFPB in considering *Bock* stated that the factors proposed were similar to the factors applied in Bock and are identical to the Federal Rule 11 Standards. This is done so deliberately so that the Courts would apply nationally recognized Rule 11 standards to "meaningful involvement" in order to have consistency among the Courts. The CFPB and Courts like the Court in *Miller v. Upton*, 687 F. Supp. 2d 86, 101 (E.D.N.Y. 2009) specifically have guided to consider Rule 11 rules in considering meaningful involvement. *See also Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 333 (6th Cir. 2006) (applying Rule 11 analysis); *Miller v. Wolpoff & Abramson,* LLP, 471 F. Supp. 2d 243, 251 (E.D.N.Y. 2007) (applying Rule 11 case law and analysis to meaningful involvement claims).

2. **Prohibiting defendants from introducing evidence that they obtained a judgment against Diehm.**

   **OBJECTION**: Defendant objects to this motion as the state court judgment is relevant. Specifically, the state court judgment against Plaintiff Diehm is relevant as the actions of Plaintiff following service of the state court complaint upon her shows that Messerli's attorney involvement was meaningful and compliant with the FDCPA and state court collections rules.  This information goes directly to Plaintiff's alleged damages to establish that she has failed to prove damages.

3. **Allowing the testimony of Taylor Chantes to authenticate and explain online court filings and the method of retrieving those results.**

   **OBJECTION**: Defendant objects to this witness as identified in Defendant's motion *in limine*.  This witness was never previously disclosed in discovery.  Thus, Defendant never had an opportunity to depose the witness on the substance or subject matter of her testimony before this court. The witness is also a paralegal for the Plaintiff's counsel in this matter, as such her testimony would violate ABA Rule 3.7, Wisconsin Rule SCR 20:3.7, that prevents lawyers from testifying as witnesses in matters unrelated to the nature and value of legal services rendered. Wisconsin Supreme Court Rules (SCR) 20:5.3 incorporates the standard ABA model code for Responsibilities Regarding Nonlawyer Assistants.  Additionally the documents to be summarized were never provided to the Defendant. Under Federal Rule 1006 the Plaintiff must have previously provided the originals for examination at a reasonable time and place prior to trial in this matter. Fed. R. 1006. The Federal Rules do provide in Rule 1006 for the admission of a summary of voluminous business records, but only if certain requirements are met. Among these requirements is that other parties to the case must be provided the original records upon which the summary is based -- or duplicates of those originals --

prior to the admission of the summary. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1184 (11th Cir. 2006) (declining to allow admission of summary testimony where the Plaintiff did not provide Defendant's with copies of the documents to be summarized); *See also United States v. Smith*, 516 F. App'x 592 (6th Cir. 2013). Taylor Chantes additionally lacks personal knowledge to attest to the summarized documents under Fed. R. 602. Defendant objects to the witness testimony as the testimony is impermissible opinion by a lay witness under Fed. R. 701. Finally, the documents to be summarized lack foundation and relevance as described herein and in Defendant's motion *in limine*.

4. **Allowing presentation, in the damages phase, of the total amount of complaints filed by Messerli & Kramer in Wisconsin in 2017.**

   OBJECTION: Defendant objects this as prejudicial and irrelevant. The only relevant date in question is the date that Attorney Kachelski signed Plaintiff's complaint.

Dated this 20th day of December, 2019.        **MESSERLI & KRAMER P.A.**
s/ Jillian N. Walker
Jillian N. Walker, #1066378
Stephanie S. Lamphere, #396794
3033 Campus Drive, Suite 250
Plymouth, MN 55441
Phone: 763-548-7900
Fax: 763-548-7922
jwalker@messerlikramer.com
slamphere@messerlikramer.com
**ATTORNEYS FOR DEFENDANT
MESSERLI & KRAMER P.A.**

613857