IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KATIE DIEHM,

                Plaintiff,

v.

MESSERLI & KRAMER, P.A.,

                Defendant.

OPINION AND ORDER

18-cv-830-wmc

This case is set for a jury trial, commencing January 21, 2020. In advance of the final pretrial conference scheduled for January 7, 2020, the court issues the following opinion and order on the parties' respective motions *in limine* ("MILs").

## OPINION

### I. Plaintiff's Motions *in Limine*

#### A. MIL No. 1: barring defendant from testifying that it complied with Wisconsin or Minnesota rules of professional conduct or Federal Rule of Civil Procedure 11

Plaintiff seeks an order barring defendant from testifying and arguing that it complied with rules of professional conduct or with Federal Rule of Civil Procedure 11, arguing that such evidence and argument is irrelevant or "is subsumed in the question of whether the defendants violated the FDCPA by not being meaningfully involved in the review of files and subsequent approval of complaints for filing against consumers." (Pl.'s Mot. (dkt. #39) 1.) As support, plaintiff directs the court to *Bock v. Pressler & Pressler*, 30 F. Supp. 3d 283 (D.N.J. 2014). As defendant points out in its response, however, the court in *Bock* actually held that while "the FDCPA does not incorporate rules of court by

reference or create a private cause of action for their violation, . . . the rules of court help to define the level of attorney involvement that is impliedly represented by the filing and service of a complaint." *Id.* at 300.

Of course, this does not necessarily reject plaintiff's larger point: attorney ethical rules, and Rule 11 in particular, at minimum overlap with, and are largely identical to, the expectations of attorneys in signing pleadings under the FDCPA. Indeed, proposed rules by the Consumer Financial Protection Bureau also contemplate relying on Rule 11 as an "appropriate guide for judging whether a submission to the court has complied with" the proposed rule. Debt Collection Practices (Regulation F), 84 FR 23274-01 (May 21, 2019). While the court understands that these are simply proposed rules that have not been adopted, the CFPB cites to cases similarly embracing Rule 11 as a framework for determining "meaningful involvement," including *Bock*. *Id.* (citing *Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d 86, 101 (E.D.N.Y. 2009); *see also Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 333 (6th Cir. 2006) (considering "meaningful involvement" claim with reference to Rule 11).

As such, plaintiff's motion is DENIED to the extent it seeks to preclude defendant from arguing that it met the requirements of Rule 11 in defending against plaintiff's claim. At the same time, the court will consider the parties' proposed jury instructions in crafting a definition of "meaningful involvement" that references, the overlap under Rule 11, ethical obligations and the FDCPA, with the goal of avoiding any jury confusion as to the 'due diligence" standard to which defendant is to be held in filing a civil complaint.

## B. MIL No. 2: prohibiting evidence that defendant obtained a judgment against plaintiff

Next, plaintiff seeks an order prohibiting defendant from introducing evidence that it obtained a judgment against plaintiff, on the basis that it is not relevant to plaintiff's FDCPA claim and would be unfairly prejudicial. Defendant opposes this motion on the basis that plaintiff's actions, namely her failure to defend against the state court complaint, "shows that Messerli's attorney involvement was compliant with the FDCPA and state court collections rules." (Def.'s Opp'n (dkt. #49) 3.) The court does not track defendant's opposition. As explained in the court's summary judgment decision, the default judgment entered against Diehm is part of the larger context of this lawsuit, but it is not at all clear that it is material to whether an attorney was meaningfully involved in initiating that lawsuit. On the contrary, any relevance as to liability would be substantially more prejudicial than probative, since the entry of default by definition had nothing to do with a determination on its merits.

Still, defendant may be correct in asserting that the *fact* of the default judgment may be relevant to plaintiff's damages claim. As such, the motion is GRANTED IN PART AND RESERVED IN PART, barring this evidence from the liability phase, but reserving its admission as part of damages. Both sides may argue its relevance for that limited purpose at the final pretrial conference.

## C. MIL No. 3: permit paralegal to authenticate and explain online court filings and the method for retrieving those results

Plaintiff seeks an order allowing a paralegal at plaintiff's counsel's firm, Taylor Chantes, to explain "how to read and interpret" online court records and "how they are

3

retrieved" in order to "assist the jury in understanding those facts." (Pl.'s Mot. (dkt. #39) 2.) Defendant offers several objections to plaintiff's motion. First, Chantes was never disclosed as a witness, much less as an expert witness to the extent that her proposed testimony constitutes expert testimony. Second, relying on Federal Rule of Evidence 1006, defendant objects to this testimony on the basis that plaintiff failed to produce the underlying records. Third, defendant asserts that Chantes lacks personal knowledge to authenticate these court records as required under Federal Rule of Evidence 602.[1] The court is inclined to grant this motion on the basis that Chantes was not disclosed as a witness, but will RESERVE ruling pending further argument at the final pretrial conference.

### D. MIL No. 4: allowing presentation, in the damages phase, of the total amount of complaints filed by defendant in Wisconsin in 2017

Finally, plaintiff seeks an order allowing her to present evidence in the damages phase of the trial as to the total amount of complaints filed by defendant in Wisconsin in 2017. Plaintiff contends that this evidence is relevant to an award of statutory damages because the jury may consider "the frequency and persistence of noncompliance and the extent to which such noncompliance was intentional." (Pl.'s Mot. (dkt. #39) 2.) In response, defendant contends that such evidence is prejudicial and irrelevant, arguing that

---

[1] Defendant also argues that rules of professional conduct bar Chantes' testimony, but while Wisconsin Supreme Court Rule 20:3.7 precludes lawyers from acting as a witness, Chantes is not an attorney. Moreover, while Rule 20:5.3 sets forth certain responsibilities regarding nonlawyer assistance, the court does not read that rule as limiting a nonlawyer's testimony at trial unless somehow adverse to the client's interests. At minimum, defendant has failed to meet its burden to explain why that is the case here or provide support for that interpretation.

the only date that is relevant is the date Attorney Kachelski signed plaintiff's complaint. Defendant fails, however, to rebut plaintiff's argument that this evidence is relevant to the jury's determination of statutory damages. Indeed, the FDCPA's statutory damages provision specifically provides that "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional" are relevant in establishing a statutory damages award. 15 U.S.C.A. § 1692k(b)(1).

Of course, this begs the question as to how plaintiff will prove the number of out-of-compliance filings by defendant in Wisconsin, much less those that were intentionally filed out of compliance. The court is also in need of some evidence of plaintiff's *standing* to pursue statutory damages beyond her own injury. As such, this motion is RESERVED pending a further proffer by plaintiff at the final pretrial conference.

## II. Defendant's Motions *in Limine*

### A. MIL No. 1: preclude plaintiff from offering or referring to documents or other evidence not produced during discovery

Defendant seeks an order precluding plaintiff from offering or referring to documents not previously produced, directing the court to Federal Rules of Civil Procedure 26 and 37. While the court will apply the Federal Rules of Civil Procedure and the Federal Rule of Evidence, general, boilerplate motions *in limine* like this one are typically unhelpful at best and incomplete at worst. Still, the motion is GRANTED to the extent that *either* side seeks to introduce any previously undisclosed documents subject to production under Rule 26 and 37. Of course, this ruling does not preclude plaintiff or defendant from raising

arguments in response to objections to specific exhibits, and *any* discussion as to untimely disclosure will take place *outside* the presence of the jury.

### B. MIL No. 2: preclude plaintiff from offering or mentioning any timeframe in which an attorney added a code into notes of defendant's internal system

Defendant seeks to preclude plaintiff from offering evidence purporting to show the amount of time an attorney was logged into defendant's computer system on the basis that this evidence is not relevant, inadmissible and unfairly prejudicial. Defendant simply cites Rules 401, 402 and 403, without offering any argument or analysis. For the reasons explained in the court's summary judgment opinion, assuming plaintiff can lay a foundation, evidence that Attorney Kachelski spent one minute in the Docusign computer system before signing the complaint is relevant to plaintiff's claim and its relevance is not outweighed by undue prejudice or risk of confusion. Still, defendant will be given an opportunity to challenge plaintiff's proffer in this regard at the final pretrial conference. Accordingly, this motion is RESERVED.

### C. MIL No. 3: preclude plaintiff from any discussion as to the debt buying industry or how and for what amount accounts are purchased

Next, defendant seeks an order precluding evidence or reference as to how sales of charged-off debt work or for what percent of face value such debts are purchased in the industry, arguing that this evidence in not relevant, or, if relevant, would be unduly prejudicial. Specifically, defendant seeks an order precluding plaintiff from using the phrase "pennies on the dollar" or a similar phrase. For the most part, plaintiff does not oppose this motion, but contends that she should be able to explain defendant's role in the

collection process. As such, this motion is GRANTED as unopposed. In granting the motion, plaintiff, however, may describe Diehm's original creditor, the purchase of her debt by a third-party, and that party's retention of defendant to collect on that debt.

### D. MIL No. 4: preclude plaintiff from offering evidence or testimony for any hearings by Attorney Kachelski that were not attended by him either in person or by phone on the date he signed plaintiff's complaint

In this motion, defendant seeks to preclude plaintiff from offering evidence of Kachelski's hearings other than for the date on which he signed Diehm's complaint. In her response, plaintiff appears to completely miss the import of this motion. Instead, plaintiff argues that evidence of hearings scheduled on the date Kachelski signed Diehm's complaint is relevant, without explaining why hearings scheduled on other dates, namely a year *after* Kachelski signed the complaint as she offered at summary judgment, would be relevant to her claim. While the court could deny this motion as unopposed, the court will RESERVE pending further clarification at the final pretrial conference.

### E. MIL No. 5: limit plaintiff's testimony to the introduction of admissible facts that support her claim or refute defendant's contentions

In this motion, defendant seeks to limit plaintiff to testimony of admissible facts and preclude plaintiff from offering "personal opinion, legal conclusions, speculation and hypothesis." (Def.'s Mot. (dkt. #41) 5.) This motion, like defendant's first motion *in limine* appears too general to be useful. Without concrete examples, the court is not in a position to rule on a motion. As such, this motion is DENIED without prejudice to defendant raising *specific* objections to Diehm's testimony, including if it wishes by making

7

specific proffers illustrating the reasons for concern outside the jury's presence. Accordingly, the court will address this motion further at the final pretrial conference.

### F. MIL No. 6: preclude plaintiff from using any information obtained from Wisconsin's court access website (CCAP) relating to Attorney Kachelski's workload for any date other than the date he signed the complaint

Similar to MIL No. 4, defendant seeks to preclude plaintiff from offering evidence from CCAP of Kachelski's workload for any date other than the date he signed the complaint. The court infers that defendant seeks to preclude plaintiff from offering evidence reflecting the number of cases Kachelski filed in the days surrounding his signing of the complaint on October 10, 2017, and the filing of the complaint a week later on October 17, 2017. Plaintiff opposes this motion on the basis that "[b]ecause . . . small claims cases always result in a return date hearing . . . within 30 days of the date of filing, looking at the number of filings in the month prior to the signing of the complaint gives a minimum number of hearings that would have been on Attorney Kachelski's calendar as of October 10, 2017. Because not all of the cases he was involved in *more than* 1 month before reviewing of the Diehm complaint would have resolved, the jury could infer that he had *more* cases pending on October 10 than simply a 1:1 ratio of cases to filings in the month prior." (Pl.'s Opp'n (dkt. #51-1) 9.)

While the court does not track plaintiff's specific explanation, some evidence of the Kachelski's workload -- the number of filings and number of hearings -- in the weeks surrounding the complaint at issue is relevant to the jury's determination of whether Kachelski would have had adequate time to be meaningfully involved in the filing of this lawsuit, or at least plaintiff may so argue, just as defendant may respond. As such, this

motion is DENIED, without prejudice to defendant seeking to limit the scope or timeframe of such evidence at the final pretrial conference.

### G. MIL No. 7: preclude plaintiff from offering any documents not already disclosed in discovery relating to medical or emotional damages

This motion appears to be an unnecessary subset of defendant's first MIL. Specifically, defendant seeks to preclude plaintiff from offering any evidence not previously disclosed in support of her claim for medical or emotional damages. As such, it is DENIED as unnecessary, except as previously granted in the court's order above as to defendant's MIL No. 1.

### H. MIL No. 8: preclude plaintiff from offering the testimony of Taylor Chantes

This motion is simply the flip-side of plaintiff's MIL No. 3. As such, the court will RESERVE on the motion for the same reasons already described above.

### I. MIL No. 9: limit plaintiff from testifying to any damages or striking any damage claim as plaintiff cannot prove causation

Finally, defendant seeks to preclude plaintiff from pursuing a damages claim on the basis that she lacks any proof of causation. This motion is limited to one sentence, in which defendant fails to provide any explanation or argument for striking an actual damages award. Accordingly. this motion is DENIED without prejudice as wholly undeveloped.

ORDER

IT IS ORDERED that:

1) Plaintiff Katie Diehm's motions *in limine* (dkt. #39) are GRANTED IN PART, DENIED IN PART AND RESERVED IN PART as set forth above.

2) Defendant Messerli & Kramer, P.A.'s motions *in limine* (dkt. #41) are GRANTED IN PART, DENIED IN PART AND RESERVED IN PART as set forth above.

Entered this 6th day of January, 2020.

BY THE COURT:


/s/
_____
WILLIAM M. CONLEY
District Judge